UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:13-CR-29-SDJ |
| | § | |
| ERIC DESHAUN SMITH (1) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Eric Smith's Motion for Compassionate Release, (Dkt. #158), and Motion for Resentencing, (Dkt. #160). Having considered the motions, the record, and the applicable law, Smith's Motion for Resentencing is **DISMISSED for lack of jurisdiction**, and his Motion for Compassionate Release is **DENIED**.

### I. BACKGROUND

On October 10, 2014, Smith was sentenced to a 235-month term of imprisonment with five years of supervised release. (Dkt. #112). He pleaded guilty in open court to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. (Dkt. #77). As part of this conspiracy, Smith supplied "co-conspirators with gram quantities of methamphetamine from various sources, which was imported from Mexico, which would then be distributed to other co-conspirators and co-defendants during the term of the conspiracy in the Eastern and Northern Districts of Texas." (Dkt. #79). About eighty-seven months after sentencing, Smith filed this motion for compassionate release, citing elevated health risks related to his asthma and his recurrent exposure to COVID-19 during

the pandemic. (Dkt. #158 at 1–2). Smith requests that the Court reduce his sentence, presumably to time served, and order him released from prison.

Nine months after he filed his compassionate-release motion, Smith filed a motion for resentencing, claiming that (1) the Sentencing Guidelines were improperly applied to the facts of his case; and (2) a change in Texas law expunged several of his previous charges, which changes his criminal history score and thus his recommended sentence. (Dkt. #160 at 1–2). As a result of these alleged errors, he believes the Court must resentence him. He cites to no statutory authority that permits this resentencing. At this time, Smith has served a little over half of his sentence.

## II. LEGAL STANDARDS

### A. Jurisdiction over Sentence-Reduction Motions

Under the "rule of finality," "federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed." *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (cleaned up). That is so because a judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment," which may be modified in only "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). Indeed, the Fifth Circuit has explained that "[a]bsent jurisdiction conferred by statute, district courts lack power to consider [post-judgment] claims." *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020) (quoting *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)); *see also Eberhart v. United States*,

546 U.S. 12, 17, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam) (a "basic principle of judicial process" is that "once a final [criminal] judgment is issued and the court of appeals considers a case, a district court has no power to act on it further").

The "limited circumstances" in which a defendant may invoke the district court's[1] jurisdiction are through (1) compassionate-release motions;[2] (2) motions for sentence reduction based on a change in the sentencing guidelines;[3] (3) Rule 35(a) motions to correct clear error within fourteen days of sentencing;[4] (4) Rule 35(b) motions for sentence reduction based on substantial assistance;[5] (5) Rule 36 motions to correct clerical errors;[6] (6) habeas motions;[7] or (7) any other motion "expressly permitted by statute."[8] *Varner,* 948 F.3d at 253–54. That's it. If a Defendant seeks other relief, they should specifically identify where that relief is expressly permitted by statute.

---

[1] A defendant may invoke the jurisdiction of the courts of appeals through direct appeal of their term of imprisonment under 18 U.S.C. § 3742.

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] 18 U.S.C. § 3582(c)(2).

[4] 18 U.S.C. § 3582(c)(1)(B); *see also* FED. R. CRIM. P. 35(a).

[5] *Id.*; *see also* FED. R. CRIM. P. 35(b).

[6] FED. R. CRIM. P. 36.

[7] 28 U.S.C. § 2255.

[8] 18 U.S.C. § 3582(c)(1)(B).

**B. Motions for Compassionate Release**

Compassionate-release motions are governed by 18 U.S.C. § 3582(c)(1)(A)(i). They can be filed by either the Director of the Bureau of Prisons ("BOP") or the defendant. Under this section, the Court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.* § 3582(c)(1)(A)(i). The standard for granting relief is exacting. The court must find that (1) "'extraordinary and compelling reasons' justify a sentence reduction"; (2) such a reduction "must be consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in § 3553(a)." *United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024).

Section 3582(c)(1)(A) also imposes exhaustion requirements for compassionate-release requests from a defendant: they must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Although this requirement is mandatory, the Fifth Circuit has treated it as "a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 141 S.Ct. 920 (2020). And "mandatory but nonjurisdictional procedural filing requirements may be waived." *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022). Thus, if the Government fails to "invoke

§ 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief," that argument is deemed waived. *Id.*

### III. DISCUSSION

### A. Jurisdiction over Motion for Resentencing

Smith makes two main claims as to why he should be resentenced. First, Smith alleges that several of his previous charges were improperly counted as separate offenses for calculating his recommended sentence but should have been counted as only one offense. (Dkt. #160 at 1–2). Second, Smith claims that several of his previous charges were expunged because of a change in Texas law. (Dkt. #160 at 1). Smith does not provide the Court with a citation to the Texas law that allegedly expunges his prior convictions.

None of the statutes listed above allows this Court to resentence a defendant based on their perceived issues with how the Sentencing Guidelines were applied to the facts of their case. And Defendant does not cite to, nor is the Court aware of, any other statute that expressly permits such a resentencing. The Court therefore concludes that Smith's Motion for Resentencing, (Dkt. #160), must be **DISMISSED for lack of jurisdiction**.

### B. Administrative Exhaustion for Smith's Compassionate-Release Motion

Defendant Smith provides no proof that he exhausted his administrative remedies before filing this motion, which is mandatory. And although the requirement may be waived, the Government here "invoke[d] § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief." *McLean*, 2022 WL 44618, at *1:

5

> On January 19, 2022, Smith filed with the Court his motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 158. He makes no mention of satisfying the administrative exhaustion requirement set forth in the statute and provides no evidence that he has done so. *See id.*
>
> Because Smith provides no evidence that he submitted a request to his warden, he fails to satisfy the administrative exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A).

(Dkt. #159 at 1–2, 7–10). Because the Government properly challenged Smith's failure to exhaust his administrative remedies before filing this motion, the Court concludes that Smith has failed to exhaust his administrative remedies and that his Motion for Compassionate Release, (Dkt. #158), must be **DENIED**.

### IV. CONCLUSION

It is therefore **ORDERED** that Defendant Smith's Motion for Resentencing, (Dkt. #160), is **DISMISSED for lack of jurisdiction**.

It is further **ORDERED** that Defendant Smith's Motion for Compassionate Release, (Dkt. #158), is **DENIED**.

**So ORDERED and SIGNED this 27th day of January, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

6